COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judge Humphreys and Senior Judge Bumgardner
Argued at Salem, Virginia

PUBLISHED

LESLIE HERMANED GREEN, JR.

                                                    OPINION BY
v.        Record No. 0174-15-3              JUDGE ROBERT J. HUMPHREYS
                                                  DECEMBER 1, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Marcus H. Long, Jr., Judge

Wade M. McNichols for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Leslie Hermaned Green, Jr. ("Green") appeals the January 7, 2015 ruling of the Circuit

Court of Montgomery County (the "circuit court") finding him guilty of violating the terms and

conditions of his probation and revoking the remaining two years of his suspended sentence.

Green's single assignment of error is that the circuit court "erred by denying the appellant's

motions to strike the evidence where said motions argued that the court was punishing the

appellant for behavior that had already been punished in a previous probation violation

proceeding."

I. BACKGROUND

On December 19, 2012, Green was convicted of indecent liberties with a child under the

age of fifteen in violation of Code § 18.2-370(A) pursuant to a plea agreement in the circuit

court. He was sentenced to five years in prison, with four years and five months suspended, and

five years' supervised probation. The circuit court order contained a special condition

prohibiting Green from having contact with the victim, K.R., or any member of the victim's

family and to register as a sex offender with the Virginia State Police. Green received credit for time served, and his supervised probation began on December 19, 2012.

A circuit court revocation order, dated October 9, 2013, found Green in violation of his probation. The October 2013 revocation order stated that "having heard a report from the probation officer and any additional facts bearing upon this matter" the court "imposes the 4 years and 5 months that was previously suspended and re-suspends 2 years." This meant Green must be incarcerated for two years and five months. Green was also placed on five years' supervised probation after his release from incarceration.

On January 7, 2015, the circuit court entered a second revocation order against Green, which is the subject of this appeal. The January 2015 revocation order stated that "having heard a report from the probation officer and any additional facts bearing upon this matter" the court "imposes the 2 years that was previously suspended [by the October 2013 revocation order]."

During the January 2015 revocation hearing, Green introduced into evidence the September 30, 2013 probation violation report (the "September 2013 report") prepared by Probation and Parole Officer J.C. Castillo ("Castillo") that was associated with the October 2013 revocation hearing. The September 2013 report alleged that Green violated three conditions of his supervised release. First, that he did not follow "the Probation and Parole Officer's instructions and will be truthful, cooperative, and report as instructed." Second, that Green had contact with the victim, K.R., which violated the specific condition that he must have no contact with the victim, K.R., or any member of the victim's family. Third, that Green failed to abide by all sex offender special instructions.

The support contained in the September 2013 report for the first probation violation condition is that Green was instructed to enter a sex offender treatment group on June 24, 2013. On July 10, 2013, his next report date, Green had yet to enter a sex offender group and was

- 2 -

reminded that he must enter the group. By August 5, 2013, Green still had not entered a sex offender group.

Regarding the second violation condition, the September 2013 report stated that, on August 5, 2013, Green "was arrested on charges of sexual battery, indecent liberties and contributing to the delinquency of a minor." The September 2013 report contains a written summary of an investigative report by the Blacksburg Police Department that was provided to the Probation and Parole office. This investigative report summary stated that on August 5, 2013, the Blacksburg police responded to a call that "Green was attempting to kiss a minor female K.R." According to the September 2013 report's summary, "Green had approached [K.R.] near lot #146 at the trailer park and began rubbing his hand up and down her left arm, he then moved his hand down to her buttocks and asked her '[w]hen are me and you going to have a baby together?'" Further, the summary of the investigative report stated that the victim could smell alcohol on Green's breath.

The support contained in the September 2013 report for the third violation condition is that Green failed to abide by the sex offender special instructions he signed on December 21, 2012. Under Section C of his special instructions, Green was not to purchase, consume, or possess alcohol.[1] Section D restricted Green from having "any contact with any minors and it defined contact as physical, verbal, written or via third party." The September 2013 report incorporates its earlier allegations of the contact with the victim, K.R., as support for violating Section D.

At the January 2015 revocation hearing, the Commonwealth introduced into evidence the December 31, 2014 probation violation report (the "December 2014 report") prepared by Castillo. The December 2014 report alleged that Green violated one condition of his supervised

_____

[1] There is no direct allegation contained in the report that Green violated Section C other than that the victim could smell alcohol on Green's breath.

release; that he would obey all federal, state and local laws and ordinances. According to the December 2014 report, on May 5, 2014, Green was convicted in the circuit court on one count of indecent liberties against a minor, of misdemeanor sexual battery, and one count of misdemeanor contributing to the delinquency of a minor. The offense date for all charges was August 5, 2013.[2] Green was sentenced to ten years for the felony count and twenty-four months for the misdemeanors, with seven years and five months suspended on the felony and twenty-four months suspended for the misdemeanors. Also, Green was placed on seven years of supervised probation upon his release.

During the January 2015 revocation hearing, Castillo testified that Green was in violation of his probation in October 2013 because he did not attend "treatment as instructed and he was in violation for having contact with the specific victim of his original case." In response to the Commonwealth's question, "Green is before this court now because he has a new conviction; is that correct?" Castillo responded, "[t]hat is correct . . . Mr. Green has a conviction for indecent liberties against a minor."

During cross-examination, Green asked Castillo, "[a]nd that indecent liberties charge and the associated misdemeanors, those were pending in October 2013, is that right?" Green also asked "[a]nd, in fact, those are specifically addressed in your probation violation report, dated September 30, 2013 . . . ?" Castillo replied "[t]hat is correct," to both questions. Additionally, Green asked, "[s]o you have no information about, there's nothing in your [December 31, 2014] report about any more contact with the victim since August 2013?" In response, Castillo testified, "[n]o, he has been incarcerated."

On redirect, the Commonwealth asked a series of questions. The exchange between the prosecutor and Castillo went as follows:

---

[2] These are the convictions of the August 5, 2013 charges that were included in the September 2013 report.

Q.      It looks like for the first probation violation from 2013 you noted several conditions where [Green] allegedly violated his probation. Those conditions appear to be failure to follow your instructions regarding the sex offender treatment; is that correct?

A.      That is correct.

Q.      Another condition is to have no contact with his victim for the original crime; is that correct?

A.      That is correct.

Q.      And the last condition is abide by all sex offender special instructions; is that correct?

A.      That is correct.

At the close of the Commonwealth's evidence, Green made a motion to strike the evidence stating that "the Commonwealth has . . . essentially already attempted to punish [] Green for these violations that he was convicted of in May [2014] and that this is basically an attempt to punish him again for essentially the same behavior." The circuit court overruled Green's motion to strike the evidence. The circuit court stated, "there are different levels of violations too. This is a Number 1 violation for a conviction. In the prior one, that wasn't set forth as evidenced by the guidelines. So I do believe there is a difference and there is a conviction presently so your motion is overruled." Green renewed his motion to strike the evidence. The circuit court held that sufficient evidence existed to find Green in violation of his probation. The circuit court's reasoning at the second revocation hearing was that Green does "have a conviction where before [he was] found guilty of a number of things, and the conviction was not present at that time. And there is a difference."

## II. ANALYSIS

### A. Standard of Review

This Court views "the evidence in a light most favorable to [the appellee], the prevailing party below, and we grant all reasonable inferences fairly deducible from that evidence."

Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991) (citation omitted). "In reviewing a double jeopardy claim, or a claim based on statutory interpretation, this Court shall conduct a *de novo* review." Tharrington v. Commonwealth, 58 Va. App. 704, 710, 715 S.E.2d 388, 390 (2011) (quoting Davis v. Commonwealth, 57 Va. App. 446, 455, 703 S.E.2d 259, 263 (2011)). Yet, in appeals from revocation proceedings, the trial court's "findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion." Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991). This Court evaluates whether a trial court abused its discretion not by substituting its judgment for that of the trial court, rather it considers "only whether the record fairly supports the trial court's action." Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009) (quoting Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997)). An abuse of discretion occurs only when reasonable jurists could not differ. Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).

### B. Double Jeopardy in Probation Hearings

Green asks that we consider as a matter of first impression in the Commonwealth whether his constitutional right not to be placed in jeopardy more than once for the same offense was violated by the manner in which the trial court determined that he had violated the terms and conditions of probation and activated portions of his suspended sentence.

The Fifth Amendment guarantee against double jeopardy consists of three separate constitutional protections. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." Id. However, the clause in the Fifth Amendment which prohibits double jeopardy "is not properly invoked to bar a second prosecution unless the 'same offen[s]e' is

- 6 -

involved in both the first and the second trials." United States v. Ewell, 383 U.S. 116, 124 (1966). Protections against double jeopardy provided under the United States Constitution are "identical with those embodied in Article I, section 8 of Virginia's Constitution." Bennefield v. Commonwealth, 21 Va. App. 729, 739, 467 S.E.2d 306, 311 (1996). Accordingly, Virginia courts have "consistently held that the protections afforded under the Virginia Constitution are co-extensive with those in the United States Constitution." Id. at 739-40, 467 S.E.2d at 311.

However, as the Supreme Court of the United States has observed, "[t]he Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." United States v. Difrancesco, 449 U.S. 117, 137 (1980). While it is without doubt that some minimal procedural safeguards attach in a probation hearing setting, "[t]here is no double jeopardy protection against revocation of probation and the imposition of imprisonment." Id. at 137. A revocation of a suspended sentence does not involve multiple punishments for the same offense but rather the single punishment already imposed for the offense or offenses convicted of and the degree to which that punishment will be executed at a later time. Green's assignment of error assumes that the protections of the Fifth Amendment apply in a probation violation proceeding. However, Difrancesco makes it clear that they do not. Therefore, the circuit court did not err by denying Green's motion to strike based on any former jeopardy.

## C. Due Process

While double jeopardy does not apply in the probation setting, certain due process rights do attach. In the case of a probation violation proceeding, the revocation hearing is not "a stage of criminal prosecution," and a probationer accused of violating the conditions of probation "is not entitled to the same due process protections afforded a defendant in a criminal prosecution." Price v. Commonwealth, 51 Va. App. 443, 446, 658 S.E.2d 700, 702 (2008) (quoting Logan v.

Commonwealth, 50 Va. App. 518, 525, 651 S.E.2d 403, 406 (2007)). Nevertheless, a probationer is entitled to certain "minimum procedural safeguards," Black v. Romano, 471 U.S. 606, 611 (1985), which include, among other basic protections, "written notice of the claimed violations." Price, 51 Va. App. at 446-47, 658 S.E.2d at 702 (quoting Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973) (citation omitted)). In this case, Green did not provide a sufficient record for this Court to review in order to reach a decision regarding any possible due process violations.

> [O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed.

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).

According to Green, the sole reason he was found to be in violation of his probation at the October 2013 revocation hearing is because he had contact with K.R. in violation of a special condition of his probation. The contact occurred on August 5, 2013, the same day Green was charged with indecent liberties, sexual battery, and contributing to the delinquency of a minor. He further claims the sole reason for the circuit court's January 2015 revocation was that he was convicted of new crimes which all stem from the same required element of proof—that he had contact with the victim, K.R., on August 5, 2013.

We cannot reach the merits of Green's assignment of error because, as the appellant, he failed to provide this Court with a sufficient record that would enable us to do so. The record is clear that there were three possible probation conditions that were alleged to have been violated that the circuit court could have relied on to revoke Green's suspended sentence at the October 2013 revocation hearing. The three possible grounds for violation were 1) that Green did not follow the Probation and Parole officer's instructions and would be truthful, cooperative, and

- 8 -

report as instructed, 2) that Green had contact with the victim, K.R., which violated the specific condition that he must have no contact with the victim, K.R., or any member of the victim's family, and 3) that Green failed to abide by all sex offender special instructions.

A court acts only through written, signed orders. Bennett v. Commonwealth, 33 Va. App. 335, 344, 533 S.E.2d 22, 27 (2000). The October 2013 revocation order does not provide this Court with any indication of which allegations the circuit court based its revocation decision upon. The order only states that it revoked Green's suspended sentence "having heard a report from the probation officer and any additional facts bearing upon this matter." No transcript was provided by Green for this Court to even infer which among the three possible violations the circuit court found sufficient as the basis for its decision. See Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256 (1961). Without an adequate record, this Court cannot determine whether or not Green was not provided his minimal due process rights required in a probation violation hearing.[3]

### III.  Conclusion

Double jeopardy protections do not apply in probation violation hearings. While minimum due process rights do apply at probation violation hearings, Green failed to provide

---

[3] Green's assignment of error did not address the statute that controls probation revocations. See Code § 19.2-306. Virginia has codified the protection of double jeopardy for probation revocation hearings.

> If any court has, after hearing, found no cause to impose a sentence that might have been originally imposed, or to revoke a suspended sentence or probation, then any further hearing to impose a sentence or revoke a suspended sentence or probation, based solely on the alleged violation for which the hearing was held, shall be barred.

Code § 19.2-306(D). Since the statute was not raised as an assignment of error, this Court will not address the merits of a statutory argument.

this Court with a sufficient record in order to determine if any violation of due process occurred.

Accordingly, we affirm the circuit court's judgment.

<u>Affirmed.</u>