COURT OF APPEALS OF VIRGINIA

Present:  Judges Huff, AtLee and Malveaux
Argued at Fredericksburg, Virginia

UNPUBLISHED

RAMON ANTONIO KENAN

MEMORANDUM OPINION[*] BY
v.        Record No. 1592-17-4        JUDGE MARY BENNETT MALVEAUX
JANUARY 7, 2020

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Louise M. DiMatteo, Judge

Lauren Brice, Assistant Public Defender, for appellant.

A. Anne Lloyd, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Ramon Antonio Kenan ("appellant") appeals from an order of the Arlington County Circuit

Court ("the trial court") finding him guilty of violating the terms of his probation. He argues that

the trial court erred because it relied upon a void order as a basis for its finding. For the following

reasons, we affirm.

I. BACKGROUND

Indicted for possession of ammunition by a convicted felon, in violation of Code

§ 18.2-308.2, appellant entered into a dispositional plea agreement with the Commonwealth.[1] At

a hearing on January 24, 2017, the trial court accepted the agreement and appellant pled guilty

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Commonwealth's stipulation of facts indicated that in 1993, in the United States District Court for the Middle District of North Carolina, appellant was convicted of two offenses: possession with intent to distribute cocaine base; and carrying or using a firearm during and in relation to a drug trafficking crime. The stipulation further indicated that on September 1, 2016, while appellant was passing through airport security, T.S.A. officers discovered a magazine containing ten .22-caliber cartridges in his luggage.

and was convicted.[2]  As per the terms of the plea agreement, the court suspended imposition of sentence and continued the matter for two years, during which time appellant would be subject to supervised probation.  At the end of the two-year period, provided that he had successfully complied with the conditions of his probation, appellant would be permitted to withdraw his guilty plea and instead plead guilty to the charge of misdemeanor obstruction of justice.  Among the required probation conditions were that appellant would:  "[f]ollow all lawful instructions of the Probation Officer and be truthful, cooperative, and report as instructed" (Condition 6); "[n]ot use, own, possess, transport, or carry a firearm" (Condition 9); and "not travel outside of a designated area set by the Probation . . . Officer, and not leave the Commonwealth of Virginia without permission of the Probation Officer" (Condition 10).

During the hearing, appellant moved the court to amend Conditions 9 and 10.  With respect to Condition 9, appellant explained that he worked for a security company and that, in connection with that employment, he would need to possess, carry, and transport a firearm.  He asked that Condition 9 be modified to prohibit his involvement with firearms "except in connection with job duties."  With respect to Condition 10, appellant explained that he lived in Maryland and therefore the provision that he not leave Virginia without the permission of his probation officer would be problematic.  Further, because the nature of his work sometimes required travel on short notice, appellant asked that Condition 10 be amended "to say that [appellant] can't travel more than 400 miles" from his Maryland home without his probation officer's permission.  The trial court did not rule on appellant's motion with respect to Condition 9.  It ruled on his motion with respect to Condition 10 that appellant would "ha[ve] to report to

---

[2] The Honorable Thomas A. Fortkort, Judge Designate, presided at the January 24, 2017 hearing.  The March 20 and May 1, 2017 orders discussed below were entered by the Honorable Louise M. DiMatteo for Judge Fortkort.  Judge DiMatteo presided over the revocation proceedings.

the probation office here and then they will refer him to Maryland." Further, the court stated that with respect to "the 400 miles . . . . I think that's a reasonable request."

The trial court entered an order on March 20, 2017 which memorialized appellant's conviction and enumerated the terms and conditions of his probation. The order also stated that appellant had "moved the [c]ourt to amend conditions #9 and #10" and that his motion was "granted in part and denied in part." The order further provided that appellant "shall report to the Arlington Probation Office" and that he would be permitted to leave Virginia without his probation officer's permission and travel for distances up to 400 miles "for the purposes of [his] employment duties."

On May 1, 2017, the trial court entered an order amending its March 20, 2017 order and stating in part as follows:

> BE IT REMEMBERED that the [c]ourt granted in part and denied in part [appellant's] motion to amend conditions #9 and #10.
>
> IT IS THEREFORE ORDERED . . . that page three (3) of this [c]ourt[']s order of March 20, 2017 be amended to reflect the following:
>
> THEREUPON [appellant] moved the [c]ourt to amend conditions #9 and #10, and argument of counsel was heard on same.
>
> UPON CONSIDERATION WHEREOF it is the opinion of the [c]ourt that [appellant's] motion to amend condition #9 be and it hereby is denied.
>
> UPON FURTHER CONSIDERATION WHEREOF it is the opinion of the [c]ourt that [appellant's] motion to amend condition #10 be and it hereby is granted.

Appellant's probation officer filed a major violation report on May 3, 2017, which alleged that appellant had violated Conditions 6 and 9 of his probation. In the report, the probation officer stated that three weeks after the January 24, 2017 sentencing hearing, she had mailed a letter to appellant instructing him to report on February 21, 2017 as he had not reported after sentencing. On February 21, 2017, appellant did not report as instructed but instead telephoned the probation officer. When she asked appellant about his whereabouts over the three weeks since he had been placed on probation, he replied that he had been working as a security

- 3 -

officer and "waiting on a clearance to be a federal police officer." When the probation officer asked appellant why he had not previously reported to the probation office, appellant "did not have a response." She then set an appointment for February 27, 2017. On that date, appellant reported as instructed. While reviewing the conditions of probation with his probation officer, appellant "placed a star next to conditions #9 and #10 indicating that those two . . . conditions did not apply to him." When the probation officer advised appellant that those conditions did apply to him unless the probation office received a court order stating otherwise, appellant stated that he had such an order and would forward it to the probation officer. Appellant then provided the officer with a business card "list[ing] K & K Security and Enterprises." However, "there w[as] no business number or address listed for K & K," and the probation officer's "internet search also did not reveal any information" about the entity. The probation officer then instructed appellant on how to report to probation officials in Maryland. However, on April 13, 2017, Maryland officials denied appellant's request to transfer his probation supervision from Virginia because appellant had been convicted for possession of ammunition by a felon, and appellant "carries a firearm for his job which is illegal in Maryland."

The trial court conducted a probation revocation hearing on May 26, 2017. A probation officer testified that according to probation records, when appellant reported to Maryland probation authorities, "he stated he was still in possession of his weapon. It was not clear if the weapon was on his person or if he ha[d] possession or [was] in possession of a weapon while at work."

Appellant testified and denied having "touched a firearm" during 2017. He stated that he had worked for several entities during the preceding months and was presently working for a company that provided security for a clothing store. Appellant made clear that his present work was "not an armed . . . assignment." Appellant denied having told Maryland probation officials

- 4 -

that he was working for a security company that required him to carry a firearm, or that he had been in possession of a firearm at any time for his job as a security officer.

The trial court found that appellant had violated the terms of his probation. In making its ruling, the court noted that "there is a statement from [appellant] . . . to the [Maryland] probation department, a statement against his interest," and that the major violation report also "says . . . [that appellant] carries a firearm for his job." The court continued the matter for sentencing.

Appellant obtained new counsel and moved to reopen the evidence.

At a September 8, 2017 hearing on sentencing and the motion to reopen the evidence, appellant testified and again denied telling Maryland probation officials that he had possessed a firearm. However, appellant also stated that he had told a Maryland probation officer that he "was allowed through my training to have it." Appellant also testified that his understanding with respect to Condition 9—the firearms prohibition—was that his request to modify that condition had been granted, because at one point during the January 24, 2017 hearing the trial court had said, "that seems like a reasonable request." Appellant also produced several letters from security companies that had employed him and that indicated that he did not carry firearms for his work.

After hearing evidence, the trial court noted that it had found a probation violation at the May 26, 2017 hearing based upon "[appellant's] own statements to a probation officer" that he had possessed a firearm. However, after receiving additional evidence, the trial court no longer "believe[d] [that appellant] had a weapon." Nonetheless, it concluded that "there's a lot of flimflammery . . . in the record . . . with these documents and [appellant's] testimony and other statements that have been reported by the probation department." The court further stated, "the misrepresentations or the misdirection, the smoke and mirrors, the shifting sands, whatever you

want to call this, it just smacks of a level of dishonesty," and "responsibility for this lies with [appellant]."

The trial court entered an order on October 19, 2017 finding appellant in violation of the terms of his probation. The court imposed no sanction for the violation and ordered that appellant continue on supervised probation on the same terms and conditions previously established.

This appeal followed.

## II. ANALYSIS

Appellant argues that the trial court relied upon its May 1, 2017 order as a basis for finding him in violation of his probation and that to do so was error because that order was void *ab initio*. Appellant contends that the order did not correct an error in the March 30, 2017 order, as permitted by Code § 8.01-428(B).[3] Rather, it "added a ruling to the case that was never made at the January 24 hearing" by stating that the court had ruled on and denied his motion to amend Condition 9 of his probation—the firearm condition. Thus, appellant argues, the trial court lacked jurisdiction to enter the order pursuant to Code § 8.01-428(B) and then erred when it "relied on the May 1 order in finding [appellant] in violation."

Code § 19.2-306(A) provides, in pertinent part, that "[i]n any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." "[I]n appeals from revocation proceedings, the trial court's 'findings of fact and judgment will not be reversed unless there is a

---

[3] Code § 8.01-428(B) provides, in pertinent part, that "[c]lerical mistakes in all judgments . . . and errors therein arising from oversight or from an inadvertent omission may be corrected by the [trial] court at any time on its own initiative . . . ." Although Code § 8.01-428 is a statute governing civil procedure, "[t]he statute is applicable to criminal proceedings." D'Alessandro v. Commonwealth, 15 Va. App. 163, 168 (1992).

clear showing of abuse of discretion.'" Green v. Commonwealth, 65 Va. App. 524, 532 (2015) (quoting Davis v. Commonwealth, 12 Va. App. 81, 86 (1991)). On review, "[t]his Court evaluates whether a trial court abused its discretion not by substituting its judgment for that of the trial court, rather it considers 'only whether the record fairly supports the trial court's action.' An abuse of discretion occurs only when reasonable jurists could not differ." Id. (citation omitted) (quoting Grattan v. Commonwealth, 278 Va. 602, 620 (2009)). In conducting our review, "we continue to view 'the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth, the prevailing party at trial.'" Zebbs v. Commonwealth, 66 Va. App. 368, 373-74 (2016) (quoting Crawford v. Commonwealth, 281 Va. 84, 97 (2011)).

We are unpersuaded by appellant's argument, because it is based upon a false premise: that the trial court found appellant in violation of the terms of his probation based upon a violation of Condition 9, which prohibited appellant from using, owning, possessing, transporting, or carrying a firearm. Although the trial court concluded at the May 26, 2017 hearing that appellant had violated Condition 9 by carrying a firearm for his work, after receiving further evidence at the September 8, 2017 hearing, the court stated that it no longer "believe[d] [that appellant] had a weapon." Thus, the trial court ultimately did not find appellant in violation of his probation based upon his failure to comply with Condition 9. Rather, the trial court found appellant in violation of his probation based upon his failure to comply with the other condition cited in the major violation report, i.e., Condition 6, which required appellant to follow his probation officer's instructions and "be truthful, cooperative, and report as instructed." Specifically, the trial court found that appellant had been responsible for "misrepresentations or . . . misdirection," "smoke and mirrors," "flimflammery," and "a level of dishonesty," and the record supports this. As noted in the major violation report, appellant told his Virginia probation

officer that he possessed a court order indicating that probation Conditions 9 and 10 "did not apply to him." He also provided the officer with a business card for "K & K Security and Enterprises," an entity whose existence the officer was unable to verify. The record further demonstrates that in addition to lacking candor with his probation officer, appellant also failed to comply with the other provisions of Condition 6—that he report as instructed and be cooperative. At the January 24, 2017 plea hearing, the trial court instructed appellant to "report to the [Virginia] probation office" so that he could then be "refer[red] . . . to Maryland." As noted in the major violation report, appellant's probation officer wrote to him three weeks later and instructed him to report to her on February 21, 2017 "since he did not report after sentencing." Appellant did not appear at the probation office on that date, but instead called his probation officer. When she asked him why he had not reported to the office, appellant "did not have a response." Based upon this evidence, the record fairly supports the trial court's finding that appellant violated the conditions of his probation based upon his failure to comply with Condition 6. That condition, memorialized in the court's March 20, 2017 order, was not implicated in the court's May 1, 2017 order, which amended only that portion of the previous order which spoke to appellant's motions to amend probation Conditions 9 and 10. Thus, not having found a violation by appellant of Condition 9, the trial court did not rely on the May 1,

2017 order in the manner alleged.  Consequently, we hold that the trial court did not err as alleged by appellant.[4]

## III.  CONCLUSION

For the foregoing reasons, we hold that the trial court did not abuse its discretion in finding appellant guilty of violating the terms of his probation.  Accordingly, we affirm.

Affirmed.

---

[4] In his second and third assignments of error, appellant further argues that the trial court erred in finding him in violation of the terms of his probation because he did not have sufficient notice that possession of a firearm constituted a probation violation, and because there was insufficient evidence to prove that he possessed a firearm.  As noted above, the trial court's finding was not based upon a violation of Condition 9, the firearms condition.  Instead, it was based upon a violation of Condition 6.  Because Condition 9 was not implicated in the trial court's ruling that appellant had violated the terms and conditions of his probation, we need not address appellant's second and third assignments of error.  See Teleguz v. Commonwealth, 273 Va. 458, 471 (2007) ("Because [the] assignment of error does not address any ruling made by the trial court, we do not consider it.").