COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges Humphreys and Friedman

MEGAN FAYE BEEMAN

MEMORANDUM OPINION*
v.      Record No. 0910-21-3            PER CURIAM
                                        MARCH 22, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

Richard G. Morgan for appellant.

Robin M. Nagel, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Megan Faye Beeman appeals the decision of the trial court to resuspend only four years

of her previously-suspended five-year sentence. The appellant argues that the court abused its

discretion by imposing such a sentence. We hold that the appeal is wholly without merit.[1]

Consequently, we affirm the trial court's judgment.

I. BACKGROUND[2]

In April 2018, the appellant pleaded guilty to possession of a controlled substance, in

violation of Code § 18.2-250. In accordance with the plea agreement, the trial court sentenced

the appellant to five years in prison—all suspended—and two years of supervised probation. As

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] After examining the briefs and record in this case, the panel unanimously agrees that because "the appeal is wholly without merit," oral argument is unnecessary. Therefore, we dispense with oral argument in accordance with Code § 17.1-403(ii)(a) and Rule 5A:27(a).

[2] On appeal of the revocation of a suspended sentence, we review the evidence in the light most favorable to the Commonwealth, the prevailing party below. *Jenkins v. Commonwealth*, 71 Va. App. 334, 339 n.2 (2019).

a condition of her probation, the trial court required that the appellant be of good behavior, obey all laws, refrain from using alcohol and illegal drugs, and pay all court costs and fines.

In February 2020, the appellant's probation officer filed a major violation report alleging that the appellant: (1) tested positive on April 19, 2019 for opiates and oxycodone; (2) admitted to consuming alcohol in May 2018, August 2018, and July 2019; (3) was found guilty *in absentia* in August 2019 for public intoxication; and (4) was arrested in February 2020 for two counts of submitting a false welfare application. Her probation officer filed a major violation report addendum, alleging further that the appellant: (1) tested positive for amphetamines in March and June 2021, and admitted to using methamphetamine in June 2021; and (2) failed to report to group treatment sessions in May and June 2021.

In July 2021, the appellant pleaded guilty to one felony count of making a false welfare application, in violation of Code § 63.2-502. *See* Code § 18.2-434 (providing that perjury is a Class 5 felony). In accordance with the plea agreement, the trial court sentenced the appellant to two years in prison with one year and eight months suspended. The transcript for the sentencing hearing indicates that the appellant's sentence fell below the correctly-calculated guidelines due to a calculation error made by the parties.

The trial court proceeded to conduct the revocation hearing. The appellant, through counsel, admitted to the violations, and the court found that she had violated the terms and conditions of her supervised probation and suspended sentence. She testified that her incarceration had prevented her from seeing her young children, who were in foster care and being put up for adoption. She also stated that incarceration had cleared her mind and she was ready to follow through on the conditions of probation, including attending substance abuse treatment courses. Finally, she testified that a friend had agreed to help her pay the restitution that she owed. The appellant asked the court to resuspend her entire sentence and suggested that

she be required to wear an ankle monitor at her own expense. She admitted on cross-examination to using methamphetamine and opiates regularly while on probation.

The trial court revoked the appellant's suspended sentence of five years and resuspended four years, giving her a year to serve. The court explained that the appellant had committed a new felony offense for which she received the "benefit" of a below-guidelines sentence. The court added that the appellant had been previously offered "various methods to rehabilitate and it just didn't go anywhere." The final revocation order was entered July 30, 2021. The appellant timely noted her objection to the sentence as an abuse of discretion, and this appeal followed.

## II. ANALYSIS

The appellant argues that the trial court abused its discretion by resuspending only four years of her five-year sentence. She bases her argument in part on the trial court's comment that she had already received a "good benefit" from her plea agreement.

On appeal of a revocation proceeding, "the trial court's 'findings of fact and judgment will not be reversed [absent] a clear showing of abuse of discretion.'" *Green v. Commonwealth*, 65 Va. App. 524, 532 (2015) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). When reviewing the trial court's decision for abuse of discretion, we continue to view "the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth, the prevailing party [in the trial court]." *Zebbs v. Commonwealth*, 66 Va. App. 368, 373-74 (2016) (quoting *Crawford v. Commonwealth*, 281 Va. 84, 97 (2011)).

"When exercising its discretionary power . . . , the trial court 'has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Du v. Commonwealth*, 292 Va. 555, 563-64 (2016) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212-13 (2013)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Id.* at 564 (quoting *Grattan v. Commonwealth*,

278 Va. 602, 620 (2009)). "This bell-shaped curve of reasonability governing . . . appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Id.* (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)).

Turning to the issue in this case, after suspending a sentence, a trial court may revoke that suspension "for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). If the trial court finds good cause to believe that a defendant violated the terms of her suspended sentence, "then the court may revoke the suspension and impose" a new sentence, on the condition that the new sentence does not exceed the statutory maximum range for the underlying offense. Code §§ 19.2-306(C), -306.1. The trial court is permitted—but not required—to resuspend all or part of the sentence. *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). "For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449 ("By imposing an active period of incarceration, . . . the [trial] court did nothing more than confirm that the conditions of probation were *in fact* conditions of probation.").

Here, the appellant does not challenge the trial court's decision to revoke her suspended sentence. Instead, she argues that the court abused its discretion by not resuspending the entire

sentence. This argument is directly contradicted by established law. *See Du*, 292 Va. at 563-64 (explaining that a trial court acts within its discretion when it imposes a sentence within the statutory range). The appellant committed numerous probation violations, including using controlled substances and committing new offenses, one of which was a felony offense. The appellant cites no legal authority in support of her position that the trial court abused its discretion by considering the sentence imposed for her new felony. We held in *Alsberry* that the lower court did not abuse its discretion by reimposing in its entirety a suspended sentence, in excess of twenty-four years, based on the commission of two misdemeanor probation violations. 39 Va. App. at 320-22. Similarly, here, based on the appellant's new felony offense and other probation violations, the trial court did not abuse its discretion by resuspending only four years of her five-year sentence.

## III. CONCLUSION

The trial court did not abuse its discretion by resuspending four years of the appellant's sentence rather than the entire five years. Accordingly, we affirm the judgment of the trial court.

*Affirmed.*