COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judge O'Brien and Senior Judge Haley

ANTONIO EMMANUEL RICE

MEMORANDUM OPINION*
v.    Record No. 1379-21-2    PER CURIAM
JUNE 21, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Robert G. O'Hara, Jr., Judge Designate

(Todd M. Ritter; Hill & Rainey, on brief), for appellant.

(Jason S. Miyares, Attorney General; Virginia B. Theisen, Senior
Assistant Attorney General, on brief), for appellee.


Appellant challenges the trial court's revocation order entered March 1, 2021, revoking his

previously suspended sentence and imposing six years of active incarceration. Appellant argues

that the court abused its discretion by imposing a disproportionate punishment and asks that we

"undertake a reasonableness review of his sentence." After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Accordingly, we affirm the trial court's

judgment.

BACKGROUND

"[I]n appeals from revocation proceedings, the trial court's 'findings of fact and judgment

will not be reversed unless there is a clear showing of abuse of discretion.'" *Green v.

Commonwealth*, 65 Va. App. 524, 532 (2015) (quoting *Davis v. Commonwealth*, 12 Va. App. 81,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (citing *Giles v. Commonwealth*, 277 Va. 369, 375 (2009)).

On November 5, 2018, appellant pleaded guilty to grand larceny, in violation of Code § 18.2-95. The trial court sentenced appellant to ten years' incarceration with nine years and six months suspended, and an indefinite period of supervised probation, not to exceed the suspended sentence period. The conditions of probation required that appellant comply with all rules and requirements set by his probation officer and submit to random drug and alcohol screening.

In August 2019, appellant's probation officer filed a major violation report alleging that appellant had failed to report to probation within three working days after his release from incarceration and had absconded from supervision. After a hearing, the trial court revoked appellant's previous nine-year, six-month sentence and resuspended it in full. Appellant's conditions of probation remained the same.

After returning to supervised probation, appellant absconded from supervision and was convicted of armed robbery in Baltimore, Maryland. At that point, appellant's criminal record indicated nineteen prior felony convictions. At the subsequent revocation hearing, appellant proffered that after his initial release from incarceration, he became homeless. Appellant arranged to relocate to Maryland with probation but went to Baltimore before the transfer was finalized because his housing expired. In Baltimore, appellant struggled with homelessness and addiction. Appellant's goal was to get into a long-term recovery program to manage his addiction. Appellant planned to be employed with a construction company after his release and wanted to be close to his children. Appellant also received a five-year sentence on a probation violation in Chesterfield and requested that the time he received on this revocation run concurrent with the Chesterfield sentence.

Appellant also requested that any resuspension of time be conditioned upon his successful completion of any drug treatment required by probation.

The trial court found that within months of his release, appellant was in Maryland without permission from the trial court or probation. The trial court found that appellant committed robbery, a serious crime, within eight to nine months after his release from incarceration, when "he was remanded to probation to get the help that he now requests." The trial court found that appellant had an extensive criminal history, including several prior probation violations, and had previously suspended sentences designed to deter his misconduct. Accordingly, the court revoked appellant's previously suspended sentence and imposed six years of active incarceration. The trial court denied appellant's request that the sentence be run concurrently with his Chesterfield sentence. This appeal follows.

ANALYSIS

Appellant argues that the trial court abused its discretion in sentencing him to six years of active incarceration because it was disproportionate to his offense. Appellant acknowledges the trial court's discretion to revoke his previously suspended sentence but invites this Court to "set forth meaningful standards for proportionality or reasonableness review [because] [c]urrent standards are not tenable and in need of improvement." He maintains that his active sentence "was unwarranted and outside the bounds of the 'conscientious judgment' standard required in the exercise of judicial discretion." Moreover, he contends that the mitigating circumstances, including his "lack of reasonable local housing," should have resulted in less active incarceration.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Moreover, under the revocation

statute in effect when the trial court considered appellant's violation,[1] once it found that appellant had violated the terms of the suspension, the trial court was obligated to revoke the suspended sentence and it was in "full force and effect." Code § 19.2-306(C)(ii) (2020 Cum. Supp.). The trial court was permitted—but not required—to resuspend all or part of the sentence. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002). It was within the trial court's purview to weigh any mitigating factors appellant presented, including his homelessness. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

The record demonstrates, and the trial court found, that appellant absconded from probation and went to Maryland shortly after his release from incarceration, where he was convicted of armed robbery eight or nine months later. In addition, he had an extensive criminal history, which included several prior probation violations, and had previously suspended sentences designed to deter his misconduct. "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Nevertheless, appellant's criminal history, absconding from supervision, and new violent criminal offense support a finding that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Appellant failed to make productive use of the grace that had been extended to him and continued to engage in criminal conduct during the suspension period.

---

[1] Code § 19.2-306(C) was amended effective July 1, 2021, and no longer requires the trial court to revoke the sentence. 2021 Va. Acts Sp. Sess. I ch. 538.

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. Upon review of the record in this case, we conclude that the sentence the trial court imposed represents such real consequences and was a proper exercise of judicial discretion. *See Alsberry*, 39 Va. App. at 321-22 (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

Finally, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)); *cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes"). Thus, we decline appellant's invitation to "set forth meaningful standards for proportionality or reasonableness review."[2]

---

[2] To the extent appellant's arguments ask that we overrule established precedent, we note that "'we are bound by decisions of the Supreme Court of Virginia and are without authority to overrule' them." *Vay v. Commonwealth*, 67 Va. App. 236, 258 n.6 (2017) (quoting *Roane v. Roane*, 12 Va. App. 989, 993 (1991)). Furthermore, under the doctrine of interpanel accord, "a decision of a panel of the Court of Appeals becomes a predicate for application of the doctrine of *stare decisis* until overruled by a decision of the Court of Appeals sitting *en banc* or by a decision of [the Supreme] Court." *Brown v. Commonwealth*, 68 Va. App. 44, 51 n.1 (2017) (quoting *Johnson v. Commonwealth*, 252 Va. 425, 430 (1996)). "This principle applies not merely to the literal holding of the case, but also to its *ratio decidendi*—the essential rationale in the case that determines the judgment." *Hutton v. Commonwealth*, 66 Va. App. 714, 724 n.5 (2016) (quoting *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73-74 (2003)).

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*