COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, AtLee and Raphael

UNPUBLISHED

EDWARD L. WATSON

v.      Record No. 0528-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 13, 2022

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

(Edward L. Watson, on briefs), *pro* se.

(Jason S. Miyares, Attorney General; Rosemary V. Bourne, Senior
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.

On February 11, 2022, Edward L. Watson, proceeding *pro se*, filed a motion to vacate his

2006 convictions for second-degree murder and burglary.  Watson asserted that his convictions

were void because they were obtained by extrinsic fraud and that the City of Norfolk Circuit Court

("trial court") had the authority under Code § 8.01-428(D) to vacate them.  The trial court denied

Watson's motion to vacate, and he appeals that decision.  For the reasons that follow, we conclude

that Watson has failed to produce an adequate appellate record to determine whether the trial court

erred in denying the motion to vacate.  Thus, upon the current record, the panel unanimously holds

that oral argument is unnecessary because we must conclude that "the appeal is wholly without

merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).  Accordingly, we affirm the judgment.[1]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Watson also filed a motion for an evidentiary hearing.  That motion is denied.

BACKGROUND

In his motion to vacate in the trial court, Watson argued that his 2006 convictions for second-degree murder and burglary were procured through extrinsic fraud because, allegedly, a police officer who investigated the incident provided false information to obtain an arrest warrant and the prosecutor presented false information to the grand jury to obtain indictments. Watson claimed that the trial court was thus misled during the criminal proceeding.

In its order denying the motion to vacate, the trial court recounted the claims Watson had raised in his state and federal petitions for writs of habeas corpus, his three previous motions to vacate his convictions, and his petition for a writ of mandamus to obtain documents relating to his arrest. The trial court noted that the Supreme Court of Virginia had denied Watson's direct appeal of his convictions, as well as all of his appeals from the trial court's denials of his motions to vacate, petitions for habeas corpus and mandamus relief, and motion for exculpatory evidence. The trial court concluded that Watson's present motion to vacate was repetitive of his previous such motions and denied it.

ANALYSIS

On appeal of the trial court's ruling, in a pleading styled "Petition for Appeal," Watson claims that the trial court erred in failing to address the merits of his motion to vacate and refusing to grant him relief under Code § 8.01-428(D).[2]

---

[2] On May 26, 2022, this Court granted Watson an extension of time until June 27, 2022, to file an amended opening brief. Watson filed documents he entitled "Amended Pleadings" on June 6, 2022. On June 10, 2022, this Court issued a show cause order because Watson had not filed an opening brief that complied with Rule 5A:20(d), which requires "[a] clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix." This Court granted Watson ten days to correct the deficiency. Watson filed an "Amended Opening Brief" on June 21, 2022, but it simply recited that he had filed his motion to vacate in the trial court and the court had denied it. By letter of July 8, 2022, this Court instructed Watson to incorporate the amendments to the opening brief into one pleading within fourteen days. Watson then filed another document entitled "Amended Pleadings" that did not incorporate the amendments but asserted compliance

The record on appeal does not contain the record of the proceeding resulting in Watson's convictions. Thus, this Court has no record, transcripts, written statements of fact, or other evidence to reflect what transpired in the earlier proceeding, much less substantiate Watson's claim of extrinsic fraud.

"[O]n appeal the judgment of the lower court is presumed to be correct," and the appellant bears the burden of presenting a "sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed." *Green v. Commonwealth*, 65 Va. App. 524, 534 (2015) (alteration in original) (quoting *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993)). "[A]n appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief. . . . We may act only upon facts contained in the record." *Browning v. Browning*, 68 Va. App. 19, 26-27 (2017) (second alteration in original) (quoting *Smith*, 16 Va. App. at 635).

## CONCLUSION

Without records regarding the underlying convictions, Watson asks this Court to find that the lower court erred in denying his claim that his convictions were procured by extrinsic fraud. We cannot do this without an adequate record of the proceedings before the trial court. *See Francis v. Francis*, 30 Va. App. 584, 591 (1999) ("Even *pro se* litigants must comply with the rules of court."). For this reason, we are unable to consider whether the trial court's denial of the motion to vacate was erroneous, and we affirm the judgment.

*Affirmed.*

---

with this Court's rules. He also filed a reply brief on August 8, 2022, outside the time period this Court permitted him to incorporate his amendments into one pleading. We agree with the Commonwealth's assertion that Watson's "series of pleadings following the initial petition for appeal, which are not in and of themselves replacement briefs compliant with the Rules, do not comply with Rule 5A:20[.]"