COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, White and Retired Judge Frank*

ALEX WARREN TEW

v.      Record No. 1845-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION**
PER CURIAM
AUGUST 15, 2023

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

(Jennifer T. Stanton, Senior Appellate Attorney; Indigent Defense
Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Rachel A. Glines, Assistant
Attorney General, on brief), for appellee.


Alex Warren Tew appeals the sentences imposed after the circuit court found him in

violation of his probation conditions. He argues that his sentences are unreasonable. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

Accordingly, we affirm.

---

* Retired Judge Frank took part in the consideration of this case by designation pursuant to
Code § 17.1-400(D).

** This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

Tew pleaded guilty in November 2020 to grand larceny, felony shoplifting, felony eluding, two counts of conspiracy to commit larceny, two counts of larceny with intent to sell, and two counts of misdemeanor receiving stolen property. The circuit court sentenced Tew to 8 years and 22 months' imprisonment with 8 years and 12 months suspended. The court also imposed an indeterminate period of supervised probation with a minimum of two years or until restitution was paid in full, whichever was longer following Tew's release.

Tew began supervised probation in November 2020. In August 2021, his probation officer filed a major violation report ("MVR"). The MVR alleged that Tew tested positive for amphetamines in March 2021. Tew claimed that he had a prescription for Adderall and had enrolled for treatment at Portsmouth Behavioral Health Services. Tew's probation officer instructed Tew to provide proof of treatment and a prescription, but Tew did not do so. Tew again tested positive for amphetamines in April 2021 and for cocaine and amphetamines in June 2021. The MVR further alleged that Tew reported late or not at all for several appointments and was in violation of the special condition that he pay a minimum of $50 per month in restitution on each of two accounts. The court issued a capias for Tew's arrest in August 2021, which the sheriff executed in November 2021.

Tew's probation officer filed addenda to the MVR in December 2021, March 2022, and October 2022. Those addenda alleged that Tew was charged with a variety of offenses that occurred in October 2021 and that he was convicted in February 2022 of misdemeanor eluding

---

[1] Under settled principles, "[w]e 'view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it.'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)).

or disregarding the police and in October 2022 of possessing a Schedule I or II controlled substance, possessing a sawed-off shotgun, possessing a firearm having previously been convicted of a nonviolent felony, and grand larceny. Several other charges were nolle prosequied.

Tew admitted to the violations at a revocation hearing. The sentencing guidelines recommended a range of six months to one year and six months' imprisonment. Tew's counsel proffered that if released Tew would reside with his wife and stepmother and that they would ensure Tew complies with his probation requirements. Tew's counsel further proffered that Tew had three different jobs "lined up," had joint custody of five children and paid child support for one of them, had attention deficit hyperactivity disorder and bipolar disorder for which he stopped taking medication when his health insurance lapsed, and had substance abuse problems that began when he was 21 years old.

The Commonwealth argued that the guidelines were "woefully inadequate" and requested that the circuit court impose at least three years of active incarceration. Tew requested a sentence within the guidelines range because it was Tew's first revocation, the guidelines already accounted for Tew's new criminal offenses—which were for possession and not for distribution—and Tew's problems stemmed from his substance addiction.

The circuit court agreed with the Commonwealth that "the guidelines [we]re inadequate." The court explained that "the number of charges and variety of charges [we]re problematic" and that Tew had an obligation to pay restitution to the victim. The court revoked Tew's suspended sentences and resuspended all but four years. The court recommended that Tew serve his sentences in a therapeutic community due to his substance abuse problems. On appeal, Tew argues that the length of his sentences is unreasonable.

ANALYSIS

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)). "When exercising its discretionary power . . ., the trial court 'has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563-64 (2016) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212-13 (2013)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Id.* at 564 (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). "This bell-shaped curve of reasonability governing . . . appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Id.* (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)). "A Virginia trial court 'clearly' acts within the scope of its sentencing authority 'when it chooses a point within the permitted statutory range' at which to fix punishment." *Id.* (quoting *Alston v. Commonwealth*, 274 Va. 759, 771 (2007)).

After suspending a sentence, a circuit court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Once the court finds grounds to revoke the suspended sentence, it may "impose a sentence in accordance with the provisions of Code § 19.2-306.1."[2] Code § 19.2-306(C).

---

[2] Although some of Tew's violative conduct predated the July 1, 2021 effective date of Code § 19.2-306.1, the Commonwealth consented below to application of the new statute. *See Heart v. Commonwealth*, 75 Va. App. 453, 463-65 (2022). Either way, because Tew was convicted of new criminal offenses and violated the special condition of restitution, the circuit court could "impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B).

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). "For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449.

Here, Tew does not challenge the circuit court's decision to revoke his suspended sentences. Instead, he argues that the court abused its discretion by not resuspending more of his revoked sentences. This argument is directly contradicted by established law. *See Minh Duy Du*, 292 Va. at 563-64 (explaining that a trial court acts within its discretion when it imposes a sentence within the statutory range).[3] Tew committed numerous probation violations, including by using controlled substances and committing new felony offenses, which the circuit court

---

[3] In arguing that *Minh Duy Du* does not prevent us from reviewing the reasonableness of a sentence, Tew relies on *Murry v. Commonwealth*, 288 Va. 117, 120, 122 (2014), in which the Supreme Court—two years before *Minh Duy Du*—held that one of the defendant's probation conditions was unreasonable. *Murry* provides Tew no relief because Tew challenges only the duration of his imprisonment, not the imposition of any probation condition. Tew is correct that *Minh Duy Du* did not eliminate the requirement that all sentences be reasonable, but *Minh Duy Du* held that, when a defendant, like Tew, challenges only the duration of his confinement, we will consider any sentence within the statutory sentencing range to be reasonable. *Minh Duy Du*, 292 Va. at 564 ("In cases where the argument on appeal is simply a challenge to the duration of imprisonment, we have consistently held that the sentencing statutes define the outer boundaries of the bell-shaped curve of reasonableness.").

concluded justified an active sentence above the guidelines range.[4] Tew argues that the circuit court did not adequately account for Tew's mitigating circumstances, but the weighing of any mitigating factors presented by the defendant falls solely within the circuit court's purview.[5] *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). We have previously held that the lower court did not abuse its discretion by reimposing in its entirety a suspended sentence, which exceeded 24 years' imprisonment, based on the commission of two misdemeanor probation violations. *Alsberry v. Commonwealth*, 39 Va. App. 314, 320-22 (2002). Similarly, here, based on Tew's new offenses and other probation violations, the circuit court did not abuse its discretion by imposing four years of active incarceration, which was within the statutory range.[6]

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*

---

[4] To the extent Tew challenges his sentences on the grounds that they exceed the guidelines' recommendation, a judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F).

[5] Tew attempts to distinguish his argument concerning the circuit court's weighing of mitigating circumstances from an argument challenging only the duration of imprisonment. We disagree that the arguments are separate. Tew's argument about mitigating circumstances is the ground on which he challenges nothing more than the duration of his imprisonment.

[6] Tew's remaining revocable sentence was 8 years and 12 months' imprisonment. Upon review, Tew's sentences for his original convictions did not exceed any of the statutory maximums.