COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Elder and Kelsey
Argued at Chesapeake, Virginia


VINCENT PRICE

                                    OPINION BY

v.      Record No. 2287-06-1                    JUDGE D. ARTHUR KELSEY
                                      APRIL 8, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles D. Griffith, Jr., Judge

Lenita J. Ellis for appellant.

Karri B. Atwood, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Vincent Price appeals two orders finding him in violation of the conditions of his

supervised probation.  He claims the circuit court failed to give him proper written notice of the

grounds for the alleged violations prior to the revocation hearing.  Price also contends the court

abused its discretion by imposing active incarceration in one of the two revocation orders.  We

disagree and affirm.

I.

Price was convicted in 1996 for possessing cocaine with intent to distribute.  In 2001,

Price was found guilty of statutory burglary.  He received partially suspended sentences on each

of these convictions, coupled with concurrent periods of suspension and supervised probation.

The 2001 conviction caused Price to be in violation of the terms of his 1996 suspended sentence,

resulting in a partial revocation and the imposition of eighteen months of incarceration.  Within a

week or so after being released from jail in 2005, Price tested positive for cocaine use.  About a

month later he failed to report as ordered for a meeting with his probation officer. Shortly thereafter he was arrested again, this time for burglary and grand larceny.

Price's probation officer advised the circuit court of the new arrests and recommended a hearing to determine whether the court should revoke Price's suspended sentences. The court issued a *capias* ordering the arrest of Price and directing that he be brought before the court for a probation violation hearing. The *capias* listed Price's recent arrests as the basis for the probation violation charge. The probation officer later forwarded to the court a major violation report identifying the new charges against Price. The report, however, also alleged that Price violated the conditions of probation due to his use of cocaine and his failure to report.

Price went to trial on his two new charges and was acquitted of both. After trial, the probation officer wrote a letter to the court suggesting that the probation violation proceeding be dismissed. At the revocation hearing, Price endorsed this view and added that due process principles required the court to dismiss because the *capias* listed only the new charges as the basis for the alleged probation violation. The additional allegations in the major violation report, Price argued, could not be considered.[1]

The court rejected Price's argument and held that the major violation report should be considered. Finding that Price violated the terms of probation by using cocaine and by failing to report, the court revoked a portion of the remaining suspended sentence on the 1996 conviction and imposed three years of active incarceration. The court also revoked and resuspended in full the sentence on Price's 2001 conviction.

---

[1] The context of counsel's remarks at the hearing suggested she received the report prior to the hearing, though she made no outright concession on the subject. At oral argument on appeal, however, Price's counsel conceded without qualification that she received the report prior to the hearing. See Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (*en banc*) (accepting appellant's concessions of fact made on appeal). Price made no claim of lack of actual notice in the trial court and makes no such claim on appeal.

II.

A. <u>WRITTEN NOTICE OF PROBATION VIOLATION</u>

On appeal, Price correctly points out that the *capias* mentioned his recent arrests but not the other two probation violations alleged in the probation officer's major violation report. From that premise, Price contends due process principles required the circuit court to dismiss the probation violation proceeding. Like the trial court, we see no merit in this argument.

Because a revocation proceeding is not "a stage of criminal prosecution," a probationer accused of violating the conditions of probation "is not entitled to the same due process protections afforded a defendant in a criminal prosecution." Logan v. Commonwealth, 50 Va. App. 518, 525, 651 S.E.2d 403, 406 (2007). Instead, a probationer receives certain "minimum procedural safeguards," Black v. Romano, 471 U.S. 606, 611 (1985), which include, among other basic protections, "written notice of the claimed violations," Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973) (citation omitted).

Show-cause orders can satisfy the written notice requirement, <u>see</u>, <u>e.g.</u>, Howie v. Commonwealth, 222 Va. 625, 630, 283 S.E.2d 197, 200 (1981), as can correspondence from prosecutors, <u>see</u>, <u>e.g.</u>, Logan, 50 Va. App. at 525, 651 S.E.2d at 406. The important thing is not the form, but the fact, of notice. See, <u>e.g.</u>, Copeland v. Commonwealth, 14 Va. App. 754, 756, 419 S.E.2d 294, 296 (1992) (finding due process violation when the probationer received no notice of the "time" or the "grounds" for the hearing or any "notice that the trial court would consider revocation of his suspended sentence").

In this case, Price received a major violation report from the probation officer prior to the hearing. The report stated that Price violated the conditions of probation by testing positive for cocaine, by failing to report, and by receiving new charges. The report listed each as a separate violation. The circuit court based its holding on Price's use of cocaine and his failure to report.

Prior to his hearing, therefore, Price received written notice of both grounds relied upon by the court for its conclusion that he violated the conditions of probation.

Unlike Price, we fail to see any constitutional significance in the fact that the *capias* noted only one of the three alleged probation violations. A *capias* is simply a bench warrant of arrest — not a charging document or some form of judicially-issued notice pleading. The function of a *capias* is to authorize a law enforcement officer to take the probationer into custody. See Black's Law Dictionary 221 (8th ed. 2004). Certainly a *capias* can and sometimes does serve as a means of itemizing the allegations underlying a claimed probation violation. But due process does not require that it do so when other written notices suffice.[2]

### B. IMPOSITION OF ACTIVE INCARCERATION

Price also argues the circuit court abused its discretion by imposing a period of active incarceration upon finding that he violated the conditions of probation. We again disagree.

Code § 19.2-306 authorizes a circuit court to revoke a suspended sentence "for any cause deemed by it sufficient . . . ." On appeal, a revocation decision "will not be reversed unless there is a clear showing of abuse of discretion." Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991) (citations omitted). A court "'undoubtedly has the power to revoke [the suspension of a sentence] when the defendant has failed to comply with the conditions of the suspension.'" Russnak v. Commonwealth, 10 Va. App. 317, 321, 392 S.E.2d 491, 493 (1990) (citation omitted). "The power of the court to revoke for breach of the terms and conditions of

---

[2] We accept, at least in principle, that confused notice is no better than no notice at all. The same can be said for untimely notice. Price, however, raised neither of these concerns in the circuit court. He did not claim to be unprepared to defend himself or suggest the need for additional due diligence. Instead, in the circuit court as on appeal, Price claimed only that the failure of the *capias* to list all of the grounds for the probation violation charge constituted a "*per se* violation" of due process. Appellant's Reply Br. at 2.

probation should not be restricted beyond the limitations fixed by the statutes." Rease v.

Commonwealth, 227 Va. 289, 294, 316 S.E.2d 148, 151 (1984).

When coupled with a suspended sentence, probation represents "an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement." Pierce v. Commonwealth, 48 Va. App. 660, 667, 633 S.E.2d 755, 758 (2006). Price twice received that grace: first, when the circuit court in 1996 suspended nearly all of his sentence after being convicted of possessing cocaine with intent to distribute and, second, when the court in 2001 revoked only a portion of his suspended sentence after finding Price in violation of the terms of probation.

Price squandered his conditional liberty when, within days of leaving his jail cell in 2005, he tested positive for cocaine use and, about a month later, failed to report for a required meeting with the probation officer. The circuit court did not abuse its discretion by responding to these circumstances with an active period of incarceration. For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation. By imposing an active period of incarceration in this case, the circuit court did nothing more than confirm that the conditions of probation were *in fact* conditions of probation.

III.

Finding no violation of due process or any abuse of discretion, we affirm the circuit court's revocation orders.

Affirmed.