COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Lorish and Senior Judge Petty

JAMES WILLIAM WHITTAKER

                                                     MEMORANDUM OPINION[*]

v.      Record No. 1137-22-3                            PER CURIAM
                                                      APRIL 18, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
Joel R. Branscom, Judge

(Joseph T. Cockfield, on brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Susan Hallie Hovey-Murray, Assistant Attorney General, on brief), for appellee.

Appellant, James William Whittaker, challenges the sentence the trial court imposed upon the revocation of his previously suspended sentences. Whittaker contends that the trial court abused its discretion by imposing a four-year sentence. After examining the briefs and record in this case, we affirm the trial court's judgment. We unanimously hold that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

In February 2018, Whittaker pleaded guilty to distributing hydrocodone and distributing an imitation controlled substance under the terms of a written plea agreement. The trial court sentenced him to five years' incarceration with all but eight months suspended for the

---

[*] This opinion is not designated for publication. See Code § 17.1-413.

hydrocodone-related conviction and two years' suspended incarceration for the imitation substance conviction.[1]

In June 2019, the trial court revoked Whittaker's suspended sentences, resuspending them on the condition that he complete the Community Corrections Alternative Program (CCAP). In August 2021, the trial court again revoked Whittaker's suspended sentences. The court imposed a 14-day sentence for the hydrocodone-related conviction and resuspended Whittaker's entire sentence for the imitation substance conviction. Whittaker returned to supervised probation on August 5, 2021.

On April 5, 2022, Whittaker's probation officer filed a major violation report alleging that Whittaker had absconded from supervision and detailing the steps the probation officer had taken to find him.[2] Whittaker last contacted the officer by phone over five months earlier on September 13, 2021, and failed to report for his appointment on September 29, 2021. On October 7, 2021, the officer left a voicemail instructing Whittaker to call the officer. The officer visited Whittaker's listed residence on October 12, 2021, and, finding no one at home, posted a note on the door directing Whittaker to call the next business day. On a November 23, 2021 return visit, the current resident advised the officer that Whittaker did not live there.

At his revocation hearing, Whittaker testified that he had been "trying to kick" his drug addiction for years but "went back to using" after his uncle died. Although he had completed the

---

[1] The joint appendix filed in this case does not contain the February 2018 final sentencing order or the July 2022 revocation order for the distributing an imitation controlled substance conviction. *See* Rule 5A:25(c)(2) (requiring that an appendix include "the judgment appealed from"). We conclude that this error is insignificant, and thus does not preclude us from addressing the merits of the assignment of error. *See Jay v. Commonwealth*, 275 Va. 510, 520 (2008).

[2] The major violation report is sealed; to the extent that this opinion mentions facts found in the major violation report, we unseal only those specific facts because we find them relevant to the decision in this case. *See Chenevert v. Commonwealth*, 72 Va. App. 47, 52 n.1 (2020). The remainder of the major violation report remains sealed. *Id.*

"detention" portion of CCAP, which "helped a little bit," he left the program with no money or resources. Whittaker stated that he needed a lot of counseling because he "grew up in a drug addicted family" and experienced trauma. He stated that before his most recent arrest he "started to get clean" and left the Roanoke area, where "99.9 percent of his problems" were. Notably, Whittaker acknowledged the trial court's earlier warning that if he violated the terms of his probation again, the trial court would impose the entirety of his suspended sentences.

The Commonwealth acknowledged that Whittaker had completed CCAP but noted that he since had absconded from supervision twice. In the Commonwealth's view, Whittaker was not "someone who we can expect to be successful on probation." Accordingly, the Commonwealth asked the trial court to "impose a sentence" and terminate Whittaker's supervised probation. Whittaker acknowledged that he had "a lot of time suspended" but asked the trial court to show mercy and not impose the entirety of his previously suspended time.

The trial court found that Whittaker violated the terms of his supervised probation and revoked his suspended sentences. Despite its earlier admonition, the trial court did not impose the balance of the suspended sentences (6 years, 3 months, and 16 days); the trial court instead imposed a four-year period of incarceration and terminated Whittaker's supervised probation.[3] Whittaker now appeals, contending that the trial court abused its discretion by imposing a four-year sentence.

---

[3] The trial court imposed two-year sentences for both the hydrocodone-related conviction and the imitation substance conviction, for a total of four years' incarceration.

ANALYSIS

"On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it."'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Id.* (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs*, 61 Va. App. at 535. This Court will find an abuse of discretion only when "reasonable jurists could not differ." *Hicks v. Commonwealth*, 71 Va. App. 255, 275 (2019).

Having found good cause to believe that Whittaker had violated the terms of his supervised probation by absconding from supervision, the trial court was authorized to revoke Whittaker's suspended sentences and "impose a sentence in accordance with the provisions of § 19.2-306.1."[4] Code § 19.2-306(C). Under Code § 19.2-306.1(C), the trial court was authorized to "impose whatever sentence might have been originally imposed for a third or subsequent technical violation." The trial court also was permitted, but not required, to resuspend all or part of this sentence. Code § 19.2-306(C).

Whittaker contends that the trial court abused its discretion by sentencing him to four years of active incarceration because he did not incur any new charges or convictions, his drug addiction caused his violations, he completed CCAP, and his discretionary probation violation guidelines

---

[4] Although uncontested, the record makes clear that Whittaker's violation was a "third or subsequent technical violation"; thus, the provisions of Code § 19.2-306.1(C) did not limit the trial court's sentencing discretion.

- 4 -

range recommended a sentence between three months and one year. He contends that the trial court wrongly "punish[ed] an addict for continuing to be an addict."

Upon review, we find no abuse of the trial court's discretion. Initially, we note that Whittaker did not request a specific sentence or suggest an alternative punishment; he merely asked for the trial court's mercy and grace. Moreover, the record reflects that the trial court considered Whittaker's arguments in mitigation, including his drug addiction and his completion of CCAP. Indeed, the trial court's recommendation that the Department of Corrections place Whittaker in its therapeutic program demonstrates that it considered his addiction in fashioning an appropriate sentence.[5] "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). By continuing to disregard completely his probation obligations, Whittaker demonstrated that he was not amenable to rehabilitation.

"When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Whittaker failed to make productive use of the grace the trial court had extended to him repeatedly. He also failed to heed the trial court's warning of the consequences of continuing to disregard his probation obligations. "For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of

---

[5] Contrary to Whittaker's suggestion, the trial court provided a written explanation for departing from the discretionary probation violation guidelines range—namely that the court had "advised" Whittaker that he would receive a "substantial portion" of his suspended sentences if he absconded again.

probation." *Price*, 51 Va. App. at 449.  Based on the record before us, we find no abuse of the trial court's sentencing discretion.

## CONCLUSION

Accordingly, we affirm the trial court's judgment.

*Affirmed.*