COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, Raphael and Callins

ALLEN SCOTT WIMER

v.     Record No. 1959-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
AUGUST 29, 2023

FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
Paul A. Dryer, Judge

(Brett P. Blobaum, Senior Appellate Attorney; Virginia Indigent
Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Angelique Rogers, Assistant
Attorney General, on brief), for appellee.


Allen Scott Wimer appeals an order of the Circuit Court of the City of Waynesboro

revoking his previously suspended sentences. On appeal, Wimer contends that the trial court

abused its discretion in sentencing him to a total of 8 years and 295 days' active incarceration. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

"[W]e 'view the evidence received at [a] revocation hearing in the light most favorable to

the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences

that may properly be drawn from it.'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022)

(second alteration in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)).

"[T]he trial court's 'findings of fact and judgment will not be reversed unless there is a clear

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

In 2014, Wimer entered guilty pleas to two counts of possessing child pornography and two counts of reproducing child pornography. The trial court sentenced Wimer to five years' incarceration on each count, to run consecutively. The trial court suspended four years on each of the possession counts and suspended three years and three months on each of the reproduction counts. The trial court ordered Wimer to five years of supervised probation following his release from incarceration. The trial court also ordered Wimer, upon release, to register with the Virginia Department of State Police Sex Offender and Crimes Against Minors Registry, to follow all rules and regulations the registry imposed, and to not have access to a computer at any time without supervision. Wimer was placed on supervised release in 2018.

In 2020, Wimer's probation officer submitted a major violation report alleging that Wimer failed to follow the special instructions by possessing sexually explicit materials, having contact with minors, and using a computer without supervision. In December 2020, the trial court found Wimer guilty of four counts of violating his probation. On the first count, the trial court revoked the four years of Wimer's suspended sentence and resuspended all but 70 days. The trial court took no further action on the remaining sentences.

In 2021, Wimer's probation officer submitted another major violation report, again alleging that Wimer failed to follow the special instructions by possessing sexually explicit materials and using a computer without supervision. The trial court found Wimer guilty of four counts of violating his probation. The trial court revoked the 3-year-and-295-day sentence and resuspended all but one year of incarceration. On the remaining counts, the trial court revoked and resuspended the entire sentences.

Wimer was released from imprisonment in March 2022. In August 2022, Wimer's probation officer submitted a third major violation report alleging that Wimer failed to report to his orientation appointment and failed to submit to two sexual history polygraph examinations as required by Wimer's sex offender treatment provider. Wimer's probation officer removed Wimer from group sex offender treatment therapy because Wimer reported "uncontrollable thoughts and fantasies about young girls" and became "aroused when the other group members discuss[ed] their crimes." Wimer's sex offender treatment provider reported that Wimer "was struggling in individual treatment due to lack of engagement, constantly yawning, and zoning out." Wimer reported to his sex offender treatment provider that "he was still struggling with deviant sexual fantasies of minor girls and masturbating to memories and thoughts of previous victims."

Wimer reported to his sexual history polygraph appointment but was "unprepared," as he failed to complete his paperwork. Wimer informed the polygraph examiner that he "worked really hard on his paperwork, but then stated it was incomplete beca[us]e he became too aroused by thinking about previous victims and sexual encounters to fill it out." Wimer was then given a "maintenance polygraph," but "was unable to sit still in his chair for the polygraph examiner to hook up the equipment," and the examiner terminated the test. Wimer's sex offender treatment provider terminated Wimer from treatment "for refusing to submit to these polygraphs and poor participation in therapy." The sex offender treatment provider met with Wimer and asked questions that the polygraph examiner would have posed to Wimer. Wimer admitted that he had a Nintendo Switch that could access the internet, but denied using it for that purpose. Wimer "denied any purposeful contact with minors, but reported regular incidental contact with minors that he did not previously address." Wimer further stated that he masturbated to thoughts of young girls "only once a week or so," but his sex offender treatment provider "advised she had no way of verifying this information because he refused to complete his polygraph tests."

The trial court conducted a revocation hearing on November 30, 2022, during which Wimer conceded that he had violated probation. During the hearing, Wimer's probation officer noted that although Wimer was on probation for child pornography, rather than offending a child, Wimer "had numerous hands-on child victims." The probation officer testified that this made Wimer "especially dangerous, given the context of the violation and the issues that he was presenting while on probation." At the close of the evidence, the Commonwealth asked the trial court to revoke all of Wimer's suspended sentences, resuspend 10 years and 6 months, and impose an active sentence of 2 years and 295 days. The Commonwealth emphasized "grave concerns about . . . Wimer being returned to the community" based on his failure to complete his sex offender treatment program. Wimer's counsel asked the trial court to revoke and resuspend all but 18 months. Wimer's counsel argued that Wimer's ADHD made it difficult for him to sit for a polygraph exam. Wimer's counsel also argued that the disclosures Wimer made during his therapy sessions were a "part of him following through with the obligations to participate in the treatment." During his allocution, Wimer informed the trial court of his anxiety and depression, and he expressed willingness to continue in treatment.

The trial court found Wimer guilty of violating probation. In pronouncing sentence, the trial court stated that it considered the major violation report, witness testimony, counsels' arguments, and Wimer's allocution. The trial court stated that it was "convinced that every day that [Wimer was] on the street that [he was] a danger to this community." The trial court stated that it was inclined to revoke all of Wimer's suspended sentences, but it found this would leave Wimer without supervision upon release and that supervision was a "necessary element" for him. The trial court revoked the entirety of Wimer's previously suspended sentences and imposed an active sentence of 8 years and 295 days' imprisonment. Wimer appeals.

ANALYSIS

On appeal, Wimer challenges the trial court's imposition of an 8-year-and-295-day active sentence, arguing that the trial court abused its discretion by failing to properly weigh his mitigating circumstances, such as his own "prior victimization and his acknowledgment of the issues he clearly struggled with and against."

Sentencing decisions, "if within the lawful boundaries of applicable sentencing statutes and constitutional limitations—are vested in the sound discretion of trial judges, not appellate judges." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016). "On appeal, a revocation decision 'will not be reversed unless there is a clear showing of abuse of discretion.'" *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008) (quoting *Davis*, 12 Va. App. at 86). "In evaluating whether a trial court abused its discretion . . . 'we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action.'" *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009) (quoting *Beck v. Commonwealth*, 253 Va. 373, 385 (1997)). When making a sentencing decision, "[i]t is within the trial court's purview to weigh any mitigating factors presented by the defendant." *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

Here, the trial court expressly stated during Wimer's revocation hearing that it considered Wimer's testimony and argument regarding his mitigating circumstances in the case. However, balanced against that consideration was Wimer's past sexual victimization of children, Wimer's failure to meaningfully participate in sex offender treatment during his probation, and Wimer's continued expression of sexual desire towards children. In light of the trial court's finding that Wimer presented a danger to the community, we find no abuse of discretion in the trial court's decision to impose an 8-year-and-295-day active sentence on Wimer for violating his probation.

In his reply brief, Wimer argues for the first time that the trial court erred in imposing an 8-year-and-295-day active sentence because his probation violation was a second technical violation under Code § 19.2-306.1. This Court, however, will only consider arguments made in the opening brief. *See* Rule 5A:20; *Palmer v. Atl. Coast Pipeline, LLC*, 293 Va. 573, 580 (2017) (refusing to consider an argument raised for the first time in the reply brief). To the extent Wimer alleges that his sentence is void ab initio, "a challenge that an order is void ab initio . . . may be raised only in a valid direct or collateral proceeding where the voidness of the order is properly at issue." *Bonanno v. Quinn*, 299 Va. 722, 736-37 (2021). Here, Wimer failed to argue that his probation violation was a second technical violation under Code § 19.2-306.1 in the trial court or in his opening brief on appeal. As such, the Commonwealth did not have the opportunity to respond to Wimer's new arguments in the reply brief. Since the voidness of the trial court's order is not properly at issue in this matter, we decline to consider the new arguments Wimer raises in the reply brief.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment. We remand the matter to the trial court for the sole purpose of correcting a clerical error in the revocation sentencing order.[1]

*Affirmed and remanded.*

---

[1] Although the "sentence summary" at the end of the revocation sentencing order indicates that the trial court sentenced Wimer to 2 years and 295 days' active incarceration, the body of the order reflects that the trial court sentenced Wimer to 8 years and 295 days' active incarceration. We remand to the trial court for the limited purpose of correcting this inconsistency in the final revocation sentencing order. *See* Code § 8.01-428(B) (governing the correction of clerical errors by the trial court).

- 6 -