COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Fulton and Causey

RYAN CLINTON DURRETT

v.      Record No. 1898-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 5, 2023

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(David R. Martin; Law Office of David R. Martin, PLLC, on brief),
for appellant.  Appellant submitting on brief.

(Jason S. Miyares, Attorney General; John Beamer, Assistant
Attorney General, on brief), for appellee.


Ryan Clinton Durrett appeals the trial court's order revoking his previously suspended

sentences.  Durrett contends that the trial court abused its sentencing discretion when it "ignored

significant relevant mitigating and rehabilitative factors."  Durrett also asserts that the trial court

failed to consider the revocation guidelines' recommendation, as his sentence "greatly exceeded"

the recommendation.  After examining the briefs and record in this case, the panel has determined

that this appeal is wholly frivolous and unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).  We affirm

the decision of the trial court.

BACKGROUND

"On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most

favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

inferences that may properly be drawn from it."'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "[T]he trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Id.* (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

On January 28, 2016, the trial court convicted Durrett of abduction, grand larceny, and possession of a firearm by a nonviolent felon. The trial court sentenced Durrett to nine years' incarceration with six years suspended. The trial court also required Durrett to pay restitution and court costs and placed Durrett on supervised probation for a period of three years upon his release. On May 24, 2021, Durrett's probation officer reported that Durrett had begun to pay toward his restitution and court costs, but still owed $2,733.11 in restitution and $4,066.82 in court costs. By order of August 25, 2021, the trial court extended the term of Durrett's supervised probation indefinitely, until restitution and court costs were paid in full.

On October 17, 2022, Durrett's probation officer reported that Durrett had violated the conditions of his probation because he was convicted of possession of a Schedule I or II substance with intent to manufacture, possession of a firearm by a violent felon, possession of a firearm while in possession of a Schedule I or II substance with intent to manufacture, and brandishing a firearm in the Circuit Court of Waynesboro County. The probation officer also reported that Durrett had tested positive for marijuana and cocaine on several occasions. Durrett also had failed to fully pay his prior restitution and court costs.

At the revocation hearing, Durrett stipulated to the violation. Durrett testified that he was doing well on probation until 2022; he was working at a Little Caesar's restaurant, had purchased a vehicle, found an apartment, helped his mother, and paid on his restitution plan. Durrett acknowledged that he was currently serving a ten-year sentence but intended to reside with family

and return to his job after his release. Durrett planned to finish paying his restitution for his original conviction after his release. Durrett admitted to using cocaine and marijuana while on probation.

The Commonwealth argued that the discretionary revocation guidelines were "completely inadequate" because they did not take Durrett's criminal history into account.[1] The Commonwealth argued that Durrett was a danger to the community and would not learn anything further from more probation. The Commonwealth asked the trial court to revoke as much of his suspended sentences as it could when considering the remainder of the restitution Durrett still had to pay. Durrett argued that he had proved through several years of probation that he could be a successful contributor to society. He noted that he would have completed probation successfully if he had paid his restitution in full. Durrett argued that the guidelines did account for his criminal history and asked the trial court to impose the one-year recommended sentence. Durrett also asked the trial court to run the sentence concurrently with his other sentence.

The trial court was concerned with Durrett's new convictions, especially when it considered the original convictions for which he was placed on probation. The trial court noted Durrett's extensive criminal history and found that he was dangerous to the public. The trial court revoked Durrett's entire six-year sentence and reimposed the entire balance, declining to run the sentence concurrently. Durrett appeals.

## ANALYSIS

Durrett argues that the trial court abused its sentencing discretion because it "ignored significant relevant mitigating and rehabilitative factors." Durrett also asserts that the trial court failed to consider the recommended sentencing guideline range.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the

---

[1] The revocation guidelines recommended a sentence between time served and one year.

period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.* Code § 19.2-306.1(B) provides:

> If the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

Durrett does not contend that the trial court did not have sufficient cause to revoke his suspended sentences. Indeed, he stipulated that he was in violation because he had been convicted of new offenses during his suspended sentences. The trial court was permitted—but not required—to resuspend all or part of the sentences. *Id.* In fashioning Durrett's sentence, it was within the trial court's purview to weigh any mitigating factors he presented, including his employment, family support, payment of restitution, and substantial compliance with probation. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The record demonstrates that the trial court considered the mitigating evidence Durrett presented. Balanced against those circumstances, however, was Durrett's significant criminal history, including his new convictions while on probation.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Considering Durrett's new convictions, the trial court reasonably concluded that active

- 4 -

incarceration was appropriate. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Durrett failed to make productive use of the grace that had been extended to him.

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. Upon review of the record, we hold that the sentence the trial court imposed represents a proper exercise of its sentencing discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.