COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Friedman and Raphael

GARY ALLEN GERMAIN, JR.

v.     Record No. 1616-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
APRIL 2, 2024

FROM THE CIRCUIT COURT OF KING WILLIAM COUNTY
B. Elliott Bondurant, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Victoria Johnson, Senior
Assistant Attorney General, on brief), for appellee.

Gary A. Germain, Jr. ("Germain") appeals the final order of the Circuit Court of King

William County ("trial court") revoking his previously suspended sentences. He contends that the

trial court abused its discretion when it revoked his suspended sentences and resuspended all but

three years, rather than allowing him to reenter an outpatient substance abuse program. We find this

appeal is procedurally defaulted and affirm the trial court's decision. After examining the briefs and

record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Therefore, the judgment

of the trial court is affirmed.

I. BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*,

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).  In doing so, we discard any of Germain's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence.  *Gerald*, 295 Va. at 473.

On January 3, 2018, Germain was convicted, by *Alford*[1] plea, of two counts of burglary and two counts of grand larceny before being sentenced to 40 years of incarceration.  The trial court suspended the entirety of Germain's sentence on the condition that he be of uniform good behavior for 20 years.  The trial court then placed Germain on supervised probation "for an indefinite period of time, not to exceed 20 years . . . unless sooner released by the Court" and ordered him to pay restitution to his victims.

In September 2019, Germain's probation officer filed a major violation report ("MVR") alleging that following a period of positive adjustment, Germain began using illegal drugs and received new convictions in Northumberland and Hanover Counties.  On November 20, 2019, the trial court found Germain in violation of the terms of his probation, revoked his previously suspended sentences, and resuspended all but six months of his previously suspended sentences.  Germain was released from incarceration on May 11, 2020.

On November 19, 2020, Germain's probation officer filed a second MVR alleging that Germain had failed to follow his probation officer's instructions by failing to report to probation within three days of his release from incarceration.  Furthermore, he alleged that Germain had absconded from supervision and his whereabouts were unknown.  Germain was subsequently found, and on May 5, 2021, the trial court held that Germain violated the terms of his probation again, revoked his previously suspended sentences again, and resuspended all but six months again.  Germain was released from incarceration on the second probation violation on December 27, 2021.

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

In July 2022, Germain's probation officer filed a third MVR alleging that Germain had violated Condition 8 of his probation—to refrain from illegal drug use—by testing positive for cocaine on February 3, 2022. The report also alleged that Germain violated Condition 6 of his probation—to be truthful and cooperative with his probation officer—in July 2022 when he lied to his probation officer about seeing his physician and receiving prescriptions. On July 14, 2022, Germain's probation officer also sent a letter to the Commonwealth's Attorney, advising that Germain had yet to pay restitution to the victims of his 2017 convictions.

At his third revocation hearing, held on September 21, 2022, Germain pled not guilty but stipulated to the facts alleged in the MVR. The Commonwealth subsequently entered the July 2022 MVR and the attached letter into evidence. Since the sentencing guidelines previously submitted to the court failed to capture Germain's two prior violations, the Commonwealth submitted corrected guidelines for consideration. The suggested sentence in the corrected sentencing guidelines ranged from one year, at the low end, to four years, at the high end.

The Commonwealth then requested that the trial court take judicial notice of the previous probation violation orders from November 2019 and May 2021. The Commonwealth further noted that both of Germain's previous probation violations occurred prior to Code § 19.2-306(C) being amended.[2] Germain's first previous violation was for new convictions he received while on probation,[3] and Germain's second previous violation was for failure to report to probation within three days of release of incarceration, failure to be truthful and cooperative with his probation officer, and absconding.

---

[2] Code § 19.2-306(C) was amended and Code § 19.2-306.1 was codified effective July 1, 2021. 2021 Va. Acts Spec. Sess. I ch. 538.

[3] At the revocation hearing, the Commonwealth agreed that Germain's new convictions were not technical violations under Code § 19.2-306.1.

During oral argument, the Commonwealth contended that Germain continued to be untruthful with his probation officer and he had not taken steps to address his mental health or drug abuse, which led him to commit new crimes. The Commonwealth further argued that Germain's second probation violation should be considered a technical violation for purposes of sentencing under Code § 19.2-306.1(C). The Commonwealth concluded by requesting that the trial court revoke and resuspend all but three years of Germain's previously suspended sentences. The Commonwealth also requested that the trial court direct that Germain be enrolled in and complete a therapeutic program.

In response, Germain argued that his most recent violations were less serious than his previous violations since testing positive for cocaine was a less severe violation than committing new crimes or absconding from probation. Consequently, he claimed, the trial court should not sentence him more harshly than the trial court had for his previous violations. He also admitted that he had been untruthful about being prescribed certain prescription drugs but noted that he was truthful about the treatment he was receiving. He further assured the trial court that upon his release from incarceration, he had a stable residence and employment arranged. He concluded by acknowledging that he would likely be sentenced to serve some time but asked for a period of incarceration equal to the time it would take for him to complete a therapeutic drug program.

The trial court found Germain in violation of the terms and conditions of his probation, revoked the entirety of his suspended sentences, and resuspended all but three years. Germain appealed.

## II. ANALYSIS

### A. *Standard of Review*

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61

Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The

evidence is considered in the light most favorable to the Commonwealth, as the prevailing party

below." *Id.*

    B. *Germain's assignment of error is procedurally defaulted, and insofar as it is not procedurally defaulted, it is meritless.*

Germain assigns error to the trial court sentencing him to active incarceration instead of

resuspending the entirety of his previously suspended sentences and allowing him to complete

substance abuse treatment. We find this assignment of error procedurally defaulted.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an

objection was stated with reasonable certainty at the time of the ruling, except for good cause

shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Procedural-default

principles require that the argument asserted on appeal be the same as the contemporaneous

argument at trial." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019).

At the revocation hearing, Germain simply asked for a comparatively lesser sentence of

incarceration. He did not argue that he should not have been incarcerated, nor did he ask the trial

court to order his participation in substance counseling. Therefore, his assignment of error raises

issues for the first time on appeal, and we decline to consider it.

Further, insofar as his assignment of error is not waived, it is meritless. Germain's sole

argument on appeal is that the trial court abused its discretion by revoking three years of his

suspended sentences.[4] "In revocation appeals, the trial court's 'findings of fact and judgment

---

[4] Under Code § 19.2-306.1(C), a trial court "shall not impose a sentence of a term of active incarceration upon a first technical violation of the terms and conditions of a suspended sentence or probation . . . ." Upon a second technical violation, "there shall be a presumption against imposing a sentence of a term of active incarceration," but, upon a finding by the preponderance of the evidence that the defendant "cannot be safely diverted from active incarceration through less restrictive means," the trial court "may impose not more than 14 days of active incarceration[.]" Code § 19.2-306.1(C). For a "third or subsequent technical violation," "[t]he court may impose whatever sentence might have been originally imposed[.]"

will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs*, 61 Va. App. at 535 (quoting *Davis*, 12 Va. App. at 86). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C).

Germain argues that the trial court should have given more weight to his motivation to complete an outpatient substance abuse treatment program, his mental health issues, and the support his family was willing to provide upon his release. Weighing any mitigating factors presented by a defendant falls within the trial court's purview in determining the defendant's sentence. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). This Court will not disturb the trial court's judgment based on its assessment of Germain's mitigation evidence alone.

The record demonstrates that during the suspension period related to his original convictions, Germain tested positive for cocaine and lied to his probation officer about his medical appointments and the prescriptions he had been prescribed. "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Germain failed to make productive use of the grace that had been extended to him when he used cocaine and was untruthful with his probation officer while on

---

*Id.* Notably, Germain does not assert that Code § 19.2-306.1(C)'s sentencing limitations apply to his revoked sentences. Consequently, we will not consider whether Code § 19.2-306.1(C)'s limitations are applicable here.

supervised probation. Germain's disregard of the terms of his suspended sentences supports a finding that he was not amenable to rehabilitation.

Accordingly, we hold that the sentence the trial court imposed represents a proper exercise of its sentencing discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 322 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

### III. CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*